**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIS EARL JENKINS, JR,

     Plaintiff,

vs.                                           Case No. 22-cv-0330 JCH-GBW

ELIZABETH O'NIEL, *et al*,

     Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff Willis Earl Jenkins, Jr.'s *pro se* Amended Civil Rights Complaint (Doc. 3). Plaintiff is incarcerated in the Criminal Justice Center Detention Facility in Colorado Springs, Colorado (the "Colorado Jail"). He raises under 42 U.S.C. § 1983 claims against the Colorado Jail and its Sheriff, Bill Elder; Head of Classification, Elizabeth O'Neil; and Disciplinary Hearing Officer, Deputy Ravencamp. *See* Doc. 3 at 2-3. According to Plaintiff, Colorado Jail officials inflicted cruel and unusual punishment by placing him in solitary confinement for a prolonged period. *Id.* at 5. Plaintiff also alleges Defendants violated the due process clause in connection with disciplinary proceedings, provided unsafe conditions of confinement in the Colorado Jail, and violated his right to freedom of speech. *Id.* at 12-38. The Complaint seeks over $16 million from Defendants. *Id.* at 5.

Before analyzing the merits, the Court will determine whether venue is proper in the District of New Mexico. Courts can evaluate venue on a motion by the parties or *sua sponte,* as part of the initial review process. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to evaluate the matter *sua sponte*). Section 1391 of Title 28 permits a civil action to be brought in:

(1) a judicial district in which any defendant resides …;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to … personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) is not met.   All parties reside in Colorado, and it is not clear this Court has personal jurisdiction over any Defendant.   *See* Doc. 3 at 2-3; 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").   As to subsection (2), courts must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and determine whether "substantial events material to those claims occurred" in this district.   *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010).   Accepting the allegations as true, the claims here bear no relation to New Mexico.   They arise from events that took place in the Colorado Jail.   Subsection (2) therefore does not establish venue is proper.   Finally, subsection (3) does not apply because Plaintiff can sue Defendants in Colorado.

Where, as here, venue is plainly improper, the Court may transfer the civil action to any other district "where it might have been brought."   28 U.S.C. § 1404(a).   The following discretionary factors must weigh in favor of the transfer:

the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

2

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).   The transfer must also be in the interest of justice; otherwise the matter should be dismissed without prejudice. Courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…."   *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).   *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the *Cline* factors to a venue transfer).

On balance, the above factors favor a transfer rather than dismissal.   The case could have been brought in the District of Colorado; all alleged wrongdoing occurred in that district; most evidence would come from Colorado witnesses or jail records; and all Defendants are located there. *See* 28 U.S.C. § 1391(b)(2), (c); Doc. 3.   The Court also finds a transfer is appropriate because it appears the claims were filed in good faith and may have merit.   A venue transfer is therefore proper; convenient for the parties; and in the interest of justice.   The Court will transfer all pleadings and motions to the United States District Court for the District of Colorado.   The Court will also direct the Clerk's Office to administratively terminate the motions appearing on this docket (Docs. 4, 5), as they are no longer pending in this District, and close the civil case.

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** all pleadings and motions (Docs. 1-5) to the United States District Court for the District of Colorado.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **TERMINATE** all pending motions as they appear on this docket and **CLOSE** this case.

SENIOR UNITED STATES DISTRICT JUDGE