IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIS EARL JENKINS, JR,

    Plaintiff,

vs.                                                                                Case No. 22-cv-0330 JCH-GBW

ELIZABETH O'NIEL, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Willis Earl Jenkins' Motion for Order to Rectify Stipulation on Venue Transfer (Doc. 7) (Motion). Plaintiff is incarcerated and proceeding *pro se*. He seeks reconsideration of the ruling transferring his Amended Prisoner Civil Rights Complaint (Doc. 3) (Complaint) to the United States District Court for the District of Colorado. The Complaint raises 42 U.S.C. § 1983 claims against a Colorado Jail and its Sheriff, Bill Elder; the Jail's Head of Classification, Elizabeth O'Neil; and the Jail's Disciplinary Hearing Officer, Deputy Ravencamp. *See* Doc. 3 at 2-3. According to Plaintiff, Colorado Jail officials inflicted cruel and unusual punishment by placing him in solitary confinement for a prolonged period. *Id.* at 5. Plaintiff also alleges Defendants violated the due process clause in connection with disciplinary proceedings, provided unsafe conditions of confinement in the Colorado Jail, and violated his right to freedom of speech. *Id.* at 12-38.

By a Memorandum Opinion and Order entered May 31, 2022, the Court analyzed whether venue was proper in the District of New Mexico. *See* Doc. 6 (Transfer MOO); *Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the

district court has discretion" to evaluate the matter *sua sponte*). The Court noted Complaint could have been brought in the Colorado Federal Court; all alleged wrongdoing occurred in that district; most evidence would come from Colorado witnesses or jail records; and all Defendants are located there. *See* 28 U.S.C. § 1391(b)(2), (c); Doc. 3. Accordingly, the Court determined the United States District Court for the District of Colorado was the proper venue; transferred all pleadings and motions (Docs. 1-5) to that district; and closed this civil case.

      Plaintiff filed the instant Motion on June 9, 2022, about ten days after entry of the Transfer MOO. He ostensibly seeks to rectify a stipulation on venue, but no stipulation was made. The Court discerns Plaintiff seeks reconsideration of the Transfer MOO. It is not clear whether the Motion is governed by Fed. R. Civ. P. 54, which gives courts discretion to reconsider any non-final order, or Fed. R. Civ. P. 59, which governs the alteration of judgments. *See Wallace v. United States,* 372 Fed. App'x 826, 828 (10th Cir. 2010) (suggesting order transferring venue was non-final). The Court need not resolve this ambiguity because the same standards are often applied under both rules, and the Court's analysis would not change under a more discretionary standard. *See Ankeney v. Zavaras,* 524 Fed. App'x 454, 458 (10th Cir. 2013) ("For guidance [under Rule 54], the court may look to the standard used to review a motion made pursuant to … Rule … 59(e)"). Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

    None of these circumstances exist here. Plaintiff argues his Amended Complaint raises federal claims against federal employees, and he can therefore proceed in the federal court of his

choice. He also argues that venue is proper in New Mexico because a "substantial part of property that is the subject of the action is situated" here. 28 U.S.C. § 1391(b)(2). Plaintiff believes his rights under the U.S. Constitution constitute property. Because he is protected by the Constitution in every U.S. state, he alleges he can file his claims in any U.S. judicial district. There is no authority to support Plaintiff's theories, nor are 42 U.S.C. § 1983 plaintiffs exempt from venue requirements simply because they seek to vindicate federal constitutional rights. *See, e.g., Jennings v. Yates,* 792 Fed. App'x 606, 608 (10th Cir. 2019) (affirming dismissal of § 1983 claims where plaintiff filed certain claims in the wrong venue); *Mosier v. Farren*, 731 Fed. App'x 808, 811 (10th Cir. 2018) (analyzing whether venue was proper in § 1983 action and concluding district court properly dismissed the action, rather than transferring it to the correct state).

For these reasons, the Court concludes Plaintiff has failed to establish grounds for relief under Rules 54 or 59. The Motion will be denied.

**IT IS ORDERED** that Plaintiff Willis Earl Jenkins, Jr.'s *pro se* Motion for Order to Rectify Stipulation on Venue Transfer (**Doc. 7**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE